```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ORIX FINANCIAL SERVICES, INC., formerly known as ORIX CREDIT ALLIANCE, INC.,

          Plaintiff,

-against-

JONES EQUIPMENT, INC., BONNIE L. JONES and WILLIAM L. JONES,

          Defendants.

**ORDER AND STIPULATION OF SETTLEMENT**

08 CV 1629 (DLC)

**IT IS HEREBY STIPULATED AND AGREED** to by and between Davidoff, Malito & Hutcher, LLP, the attorneys for the Plaintiff ORIX FINANCIAL SERVICES, INC., formerly known as ORIX CREDIT ALLIANCE, INC., ("ORIX" or "plaintiff") and Defendants JONES EQUIPMENT, INC., and WILLIAM L. JONES (collectively the "defendants"), that the captioned case is settled as among these parties upon the following terms and conditions:

    1.    In consideration of plaintiff's agreement herein to dismiss this action against the defendants, subject to full compliance with the terms and conditions herein contained, the parties hereto agree that the defendants shall pay to plaintiff a total amount of $250,000.00, plus interest at the rate of six percent (6%) per annum from the date of this Order and Stipulation of Settlement (the "Settlement Amount"), payable in the amounts, in the manner and on the dates and times indicated with respect thereto in this paragraph 2.

    2.    All payments to be made by the defendants as set forth herein shall be paid by wire transfer to the account of ORIX FINANCIAL SERVICES, INC., at Citibank, N.A., 111 Wall Street, New York, New York 10043, ABA #021000089, A/C # 30533406 in good

funds as follows:

    (a)    on or before May 30, 2008, the defendants shall wire transfer to plaintiff's account as indicated above the amount of $20,000.00; and

    (b)    on or before June 30, 2008, the defendants shall wire transfer to plaintiff's account as indicated above the amount of $115,000.00; and

    (c)    beginning on the 1st day of August, 2008, and on the 1st day of each of the next successive and consecutive seven (7) months thereafter, the defendant shall pay to plaintiff by wire transfer as indicated above an amount of $500.00; and

    (d)    on or before March 1, 2009, the defendant shall wire transfer to plaintiff's account as indicated above the amount of $60,000.00;

    (e)    beginning on the 1st day of April, 2009, and on the 1st day of each of the next successive and consecutive four (4) months thereafter, the defendant shall pay to plaintiff by wire transfer as indicated above an amount of $500.00; and

    (f)    on or before September 1, 2009, the defendant shall wire transfer to plaintiff's account as indicated above the amount of $48,500.00, plus all amounts of accrued interest.

    3.    Interest shall accrue on the principal amount of the Settlement Amount from

the date of this Order and Stipulation of Settlement. In the event that the defendants pay to plaintiff the amount of $250,000.00 within one hundred and twenty (120) days from the date of this Order and Stipulation of Settlement, plaintiff agrees to waive all amounts of interest accrued on said amount hereunder.

4.  The defendants hereby agree, as further consideration for plaintiff's agreement herein to dismiss this case against them, to confess judgment against them and in favor of plaintiff in the amount of the Settlement Amount plus interest as provided for herein (the "Judgment"), subject to the terms and condition set forth herein. Defendants hereby agree to entry of the Judgment, in the form annexed hereto, in the event of any default under this Settlement Agreement, as provided for in paragraph 6 hereof. Plaintiff hereby agrees that so long as the defendants are in compliance with the terms of this Settlement Agreement, plaintiff will refrain from entering, executing or levying upon, or seeking recovery upon said Judgment, subject to the provisions set forth in paragraph 6 hereof.

5.  It is further understood and agreed that upon plaintiff's receipt of all of the amounts due and payable under paragraph 2 hereof, in good, collected funds, plaintiff and defendants will exchange mutual releases with respect to the facts and circumstances relating to the allegations set forth in the Complaint and in the Answer.

6.  In the event that the plaintiff does not receive any payment due hereunder when due pursuant to the terms of paragraph 2 hereof, plaintiff shall notify the defendants

or their attorneys thereof in writing. If any such payment is not received within ten (10) days of the date of mailing of such written notice, the defendants shall be in default of their obligations hereunder. If and when the defendants are in default in their obligations under this Settlement Agreement, defendants hereby agree that plaintiff may, at any time after the occurrence of such default, immediately cause to be entered, enforce, levy or execute upon or take any action or actions to enforce and recover upon the Judgment, without further notice to the defendants, and to domesticate, register, record, certify to or file the Judgment in any jurisdiction in which the laws thereof so provide, either by commencement of an action upon said Judgment, which action will not be opposed or defended against by either of the defendants, or by filing a certification of said Judgment, or by any other means provided by law. Furthermore, if defendants are in default in payments due hereunder as provided for herein, nothing set forth herein shall restrict, limit or in any manner affect plaintiff's right to take any other actions in law or equity as may be available to plaintiff to enforce and collect all amounts due and owing to plaintiff by the defendants as set forth herein and in the Complaint.

7. This written document contains the entire agreement of the parties. It cannot be modified except by and as set forth in a written document executed by all parties.

8. Upon receipt of all amounts due to plaintiff from the defendants in accordance herewith, plaintiff hereby agrees to dismiss this case against Defendant Bonnie L. Jones or vacate any judgment entered herein in favor of plaintiff and against said defendant.

*as to defendants other than Bonnie Jones*

9.  The parties hereby agree that this action is dismissed and discontinued, ~~subject to compliance of the parties with the terms hereof~~

Dated:  New York, New York
        June    , 20087

Davidoff, Malito & Hutcher, LLP

By _____
   Lewis M. Smoley (LS 4613)
Attorneys for Plaintiff
605 Third Avenue, 34th floor
New York, New York 10158
(212) 557-7200

JONES EQUIPMENT, INC., defendant

By _____
   William L. Jones, president

_____
WILLIAM L. JONES, defendant

STATE OF MONTANA    )
                    )ss.:
COUNTY OF MISSOULA  )

On June 9th, 2008, before me personally came WILLIAM L. JONES, to me known, and known to me to be the individual described in, and who acknowledged and agreed to the foregoing Order and Stipulation of Settlement, and duly acknowledged to me that he executed the same personally on his own behalf and on behalf of JONES EQUIPMENT, INC., having full and unlimited authority to execute said document on its behalf.

_____
NOTARY PUBLIC
Oct. 28, 2008 Expires

SO ORDERED:

_____
U.S.D.J.
June 17, 2008

00374703                            5